## Gunnels v. Stanley et al.

Feb. 15, 1944.

Claude P. Stephens for appellant.

Combs & Combs for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal involves two actions instituted by the appellant, Margaret L. Gunnels, against May Stanley and the other appellees to recover two tracts of land. Case No. 1 was an equity action and Case No. 2 was an ordinary action. Case No. 1 was filed February 17, 1937, to recover two tracts of land formerly owned by J. P. Layne, father of the appellant, which he had conveyed to her in April, 1912. When the conveyance was made the appellant was the wife of Reed Gunnels and was under coverture until the death of her husband on May 24, 1934. Counsel for the appellant states: "The facts are admitted, and the only question to be determined is one of law, that is whether or not the statute of limitations had barred her right of action, in view of the amendment of section 2506, Kentucky Statutes, in 1934, removing coverture as a disability preventing the running of the statute of limitations for the recovery of real estate."

The amendment to the statute was adopted by Chapter 45 of the Acts of 1934. By express provision in that Act the amendment was to become effective as of January 1, 1937. A similar question was involved in Louisville Cooperage Co. v. Rudd, 276 Ky. 721, 124 S. W. (2d) 1063, 144 A. L. R. 763. There it was pointed out that, while a construction giving a retroactive effect to a statute is not favored, the legislature expressly set a

deadline for the bringing of an action by a woman under coverture. Women under coverture were given warning by the Act of 1934 that, after January 1, 1937, it would be too late to plead such a disability. The appellant instituted Action No. 1 some six weeks after the statute in question went into effect. It follows, therefore, that on the authority of the Rudd case, supra, she brought the action too late.

Wherefore, the judgments are affirmed.